■ In the Matter of EUGENE W. BROOKS et al., Petitioners, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Respondents.—In this article 78 proceeding to review and annul a determination of respondents dated September 8, 1978, made after an administrative trial, which found each petitioner guilty of identical charges and specifications of misconduct, and dismissed them from their employment as police officers, the determination with respect to petitioner Brooks is confirmed, without costs and without disbursements. The determination with respect to petitioner Holder is modified, on the law, by deleting therefrom the finding of guilt as to the specification of conspiracy to steal money with copetitioner Brooks, and theft, and the petition is granted to the extent of annulling the dismissal and remanding to respondents for further proceedings and reconsideration of the penalty in accordance with this decision. As so modified, the determination is confirmed, without costs and without disbursements. Petitioners were charged with conspiracy to steal and with the theft of approximately $270 from the owner of a Manhattan restaurant and falsely reporting to an investigating officer the amount and circumstances of obtaining this money. At the administrative trial, testimony established that the owner had placed approximately $270 on a chair in the rear of his restaurant where he had been preparing his payroll. He left the cash for several minutes to attend to business. Officers Brooks and Holder entered the restaurant during this brief interlude to place an order. Brooks alone walked to the back table. In a few moments he returned to the counter and canceled the order, whereupon the two officers left the restaurant. Immediately thereafter, the owner discovered the loss and reported it to the police emergency number. The officers checked with the local precinct to ascertain if a loss had been reported. They did not complete the required property voucher for lost property, but returned to the vicinity of the restaurant, where complainant confronted Brooks. Brooks admitted to finding $190 in the doorway of the restaurant, but denied a theft. He returned $190 and offered to make up the difference with a bank withdrawal. When both

officers returned later in the day, Brooks handed over some $75 in bills bearing traces of syrup which complainant alleged were on the missing bills he counted in the morning. This transaction was witnessed by a police investigator. Another restaurant patron corroborated complainant's story but did not see Brooks actually take the cash. Both officers lacked the proper notation of the incident in their records. Both officers responded to the investigator's questions and at trial by adhering to Brooks' original story of a finding outside the restaurant. They attributed their subsequent actions to an unwillingness to becoming involved in a complaint to their superiors. The trial commissioner chose to believe complainant's version of the incident and the corroborating evidence given by the investigator and the restaurant patron. The police commissioner confirmed the factual findings. There is substantial evidence to support this finding of guilt on both specifications for petitioner Brooks. The penalty of dismissal imposed was not disproportionate to the offense considering the gravity thereof. (Matter of Pell v Board of Educ., 34 NY2d 222.) There is not, however, substantial evidence to implicate Holder in the theft. Only Brooks had the opportunity to find and take the money. The record discloses no evidence by which a trier of facts can conclude that Holder had any initial knowledge of either the money or the theft. His involvement was only with respect to the false reporting and cover-up. The police commissioner should be given an opportunity to reconsider the penalty for this remaining specification. Concur—Murphy, P. J., Kupferman, Sandler, Markewich and Yesawich, JJ.